ORME, Judge
(concurring and writing for the majority in part):
129 Judge Davis and I concur in the lead opinion, except for Part III. We disagree with Judge Christiansen that remand is in order to more precisely learn the trial court's rationale in selecting the particular weekday when Mother would have parent-time with the child. This is, in context, an exceedingly minor point And the trial court's rationale for deviating from the Evaluator's recommendation is obvious. A remand for the trial court to state the obvious is not, in our view, a good use of judicial resources or, for that matter, the parties' resources.
30 In our view, the trial court did not substantially deviate from the Evaluator's recommendation, which was for Mother to have one weeknight as well as alternating weekends. She got her one weeknight, although not the alternating one recommended by the Evaluator. Clearly the trial court thought it was more sensible to just have a fixed weeknight-Tuesday-rather than to jump back and forth between Monday and Thursday. If we remand for a specific finding, the trial court will just say-and reasonably so-that it finds that the predictability and scheduling ease presented by having a set weeknight outweighs the perceived benefits of alternating weeknights.
T31 With all due respect to our colleague, this hypertechnical fine tuning in the trial court's analysis is not worth the burden of remand, especially where its rationale is so intuitive. Thus, the court's judgment is to affirm the trial court's order in its entirety.